Defendant-appellant Douglas Powell appeals the May 27, 1998, Judgment Entry of the Stark County Court of Common Pleas adjudicating him a sexual predator as defined in R.C.2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 11, 1986, the Stark County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02. The indictment alleged that appellant, as a continuous course of action from on and about the 30th day of November, 1985, to on or about the first day of June, 1986, had engaged in a sexual conduct with Angela Buffington, who was less than thirteen years of age.
On July 18, 1986, appellant entered a plea of not guilty to the charge of rape. A Judgment Entry memorializing the plea was filed on July 21, 1986. A jury trial commenced on September 15, 1986. The next day, the jury found appellant guilty of rape. Pursuant to a Judgment Entry filed on September 18, 1986, appellant was sentenced to prison for a period of ten to twenty five years.
After the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, appellant was returned to Stark County for a sexual predator hearing. The hearing, which is commonly known as a H.B. 180 hearing, was held on March 11, 1998. Prior to the hearing, appellant filed motions to dismiss based on ex post facto, retroactivity and double jeopardy grounds. Appellant also filed a Motion for an order finding R.C. 2950.09(C) unconstitutional and vague. The trial court, via Judgment Entry filed on March 6, 1998, denied appellant's motions.
Following the hearing, the trial court took the matter under advisement. The trial court subsequently adjudicated appellant a sexual predator, memorializing its decision in a Judgment Entry filed on May 27, 1998. It is from this Judgment Entry appellant prosecutes this appeal, raising the following assignments of error:
I
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
II
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
III
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
IV
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
V
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I, II, III, IV
Appellant's I, II, III, and IV Assignments of Error are overruled on the authority of State v. Nosic (February 1, 1999), Stark App. No. 1997CA00248, unreported, and State v.Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported.
Assignments of Error I and II are overruled on the basis ofState v. Cook (1998), 83 Ohio St.3d 404. Even though Cook
specifically dealt with a factual situation that falls under R.C. 2950.09(B)(1) (in which the defendant was sentenced after the effective date of 2950.09(B)(1)), and the case before this court deals with a factual situation that falls under R.C.2950.09(C)(1) (in which defendant was sentenced and serving prison time when 2950.09(C)(1) became effective), this court finds the reasoning in Cook to be applicable to the situation before this court. The portion of H.B. 180 dealing with the new classification system for sex offenders (2950.09) became effective on January 1, 1997. The registration, verification and community notification provisions of H.B. 180 became effective on July 1, 1997.
In regard to Assignment of Error I, the following language inCook (p. 423) (citing Kurth Ranch, 511 U.S. at 777,114 S.Ct. at 1945, 128 L.Ed.2d at 777, fn. 14) applies: "[w]e do not deny that the notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one." Cook further states, "we find that the registration and notification provisions of R.C. Chapter 2950 do not violate Ex Post Facto Clause because its provisions serve the remedial purpose of protecting the public."
In regard to Assignment of Error II, the Cook court determined that the registration, verification and notification portions of H.B. 180 did not violate the prohibition against retroactive laws. Citing the New Jersey Supreme Court in Doe v.Poritz (1995), 142 N.J. 1, 662 A.2d 367, Cook (p. 412) sets forth the following: "if the law did not apply to previously convicted offenders, notification would provide practically no protection now, and relatively little in the near future. The Legislature reached the irresistible conclusion that if community safety was its objective, there was no justification for applying these laws only to those who offend or who are convicted in the future, and not applying them to previously convicted offenders . . . The Legislature concluded that there was no justification for protecting only children of the future from the risk of reoffense by future offenders, and not today's children from the risk of reoffense by previously convicted offenders, when the nature of those risks were identical . . .". Cook (p. 414) further states, "[t]o hold otherwise would be 'to find that society is unable to protect itself from sexual predators by adopting the simple remedy of informing the public of their presence.' " (Citing Doe v Poritz, 142 N.J. at 109,662 A.2d at 422)
 V
In his final Assignment of Error, appellant contends that the trial court's adjudicating him a sexual predator was not supported by clear and convincing evidence.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co.v. Foley Construction (1978), 54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
At the hearing, the trial court considered the above factors. The State presented the trial court with a transcribed statement from June 3, 1986, taken by the investigating officer from the victim, an interview of appellant conducted on July 3, 1986, by Captain Dennis Harwig, Captain Harwig's supplement regarding his investigation and the Judgment Entry wherein appellant was found guilty and sentenced. The trial court sustained appellant's objections to consideration of the victim's statement to police and Captain Harwig's supplement since both contained hearsay.
Appellant, during his interview, had admitted that he had, from the time the victim was approximately seven (7) to eight (8) years old until she was eleven, engaged in sexual contact with her while living with the victim's mother. Such contact had included fondling the victim's breast and vagina, performing oral sex on her, rubbing his penis between her legs, and having her perform oral sex on him. The trial court further noted testimony introduced at appellant's trial that appellant had acted inappropriately with the victim's thirteen year old sister. At the hearing, Appellant, in turn, emphasized his completion of the Magellan program and his participation in other various programs at the institution.
The trial court, in its May 27, 1998, Judgment Entry adjudicating appellant a sexual predator found, in part, that appellant was thirty years old at the time of the offense whereas the victim was seven and a half (7-1/2) years when the sexual abuse began and eleven years when it terminated, that appellant had a prior criminal record consisting of receiving stolen property and traffic related offenses, and that the sexual abuse "was part of a demonstrated pattern of abuse" of both the victim and her older sister which lasted over a period of three and a half (3-1/2) years. We find these facts mitigate in favor of the trial court's decision.
Accordingly, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the findings made by the trial court at the March 11, 1998, hearing. We further find that the evidence presented and the findings made by the trial court support the finding that appellant is a sexual predator under R.C. 2950.01(E) by clear and convincing evidence and that said finding is not against the manifest weight of the evidence.
Appellant's fifth assignment of error is overruled.
The Judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Edwards, J., Hoffman, P.J. and Wise, J. concur
--------------------
--------------------
--------------------
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs waived.
--------------------
--------------------
 -------------------- JUDGES